

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00090-CR

**TAMMY ELISA ALEXANDER,**

                                                                 **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                 **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2002-164-C2**

## MEMORANDUM  OPINION

Tammy Elisa Alexander pleaded "true" to fourteen of seventeen allegations in the State's motion to revoke her community supervision for injury to a child. After a hearing, the court revoked her community supervision and imposed the original sentence of ten years' imprisonment. Alexander's appellate counsel filed an *Anders* brief contending that the appeal presents no issues of arguable merit, and Alexander has filed a *pro se* response. We will affirm.

## Background

Alexander pleaded guilty to three counts of injury to a child and was placed on community supervision. One of the conditions of her community supervision was that she have no contact with her four children other than in an approved therapeutic setting. The terms of community supervision were amended three years later to include a requirement that she participate in supervised family therapy with one of her daughters, J.A. The State's first amended motion to revoke alleges seventeen violations, including: moving without permission, failure to notify of new address, consumption of alcohol, failure to report, violation of curfew, failure to remain in the county, having contact with her children, and several financial violations.

At the hearing, Alexander pleaded true to allegations that she: failed to notify her community supervision officer of her new address, consumed alcohol, failed to report, violated her curfew, failed to remain in the county, and failed to meet her financial obligations. Her community supervision officer testified that Alexander moved to her mother's home in Marlin at one point without permission and in violation of the condition that she not leave McLennan County. She conceded that Alexander claimed she could not find anyone else to live with in McLennan County after living in two other homes. She also testified that Alexander reported on one occasion after having consumed alcoholic beverages and that Alexander initially denied that she had done so but eventually admitted it. She also testified to Alexander's financial violations.

Two witnesses testified that Alexander came to a Waco church to get food for her family and that her husband and children briefly interacted with her while she was

there. She stated in her application for assistance that her husband and she were living in a home with their children.

Alexander's husband testified that she had not lived in the home since being placed on community supervision. He explained that he felt as though she had made good progress in her counseling sessions and that the prohibition against her having contact with the children should be ended.

Alexander testified in her own defense. She denied having any contact with the children other than that brief encounter at the church. She moved to Marlin because she could not find anyone else to live with in Waco and that she never intended to evade her reporting requirements. She explained that she was traveling to Temple on a regular basis for medical treatments at a hospital but was told by her community supervision officer that her community supervision could not be transferred any closer to Bell County (such as in Marlin). She admitted that she consumed several wine coolers on one occasion after her godbrother passed away but insisted that she advised her community supervision officer that she had done so "when I walked in the office." She explained that she had violated her curfew because of work responsibilities.

Alexander explained how she had worked very hard to meet the reporting requirements for a related CPS proceeding as well as for her community supervision while having to go to Temple on a regular basis for medical care, including two hospitalizations. She testified that, after the motion to revoke was filed, she stopped reporting on advice of counsel.

In summations, Alexander asked the court to allow her to remain on community supervision. The State reminded the court of the injuries sustained by the children, for which Alexander had pleaded guilty, and urged the court to revoke her community supervision.

### The *Anders* Brief

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *See Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gearhart v. State*, 122 S.W.3d 459, 464 (Tex. App.—Corpus Christi 2003, pet. ref'd); *Sowels v. State*, 45 S.W.3d 690, 691 (Tex. App.—Waco 2001, no pet.), *overruled on other grounds by Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006). After an independent review of the record, we agree with counsel's conclusion. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *accord Villanueva v. State*, 209 S.W.3d 239, 242-43 (Tex. App.—Waco 2006, no pet.).

A plea of true to even one allegation is sufficient to revoke community supervision. *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd). Here, Alexander not only pleaded true to several allegations but also testified that she had committed several violations while trying to explain why. Therefore, the court did not abuse its discretion by revoking her community supervision.

**Pro Se Response**

Alexander essentially presents two complaints in her pro se response. First, she complains that she received ineffective assistance of trial counsel because her appointed attorney failed to call several witnesses. Alexander in particular notes that trial counsel failed to call witnesses to testify about the fact that her daughter was raped and impregnated while in foster care or about the encounter with her husband and children at the church.

To establish a claim for ineffective assistance of counsel, Alexander must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability the outcome would have been different but for counsel's deficient performance. *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007). Here, even if we disregard the finding that Alexander had contact with her children, the remaining testimony and her plea of true support the court's other findings. Alexander herself testified that her daughter was raped and impregnated while in foster care. But even if this is true, it has no bearing on whether she committed the other violations. Therefore, we cannot say that there is a reasonable probability the outcome would have been different but for counsel's deficient performance. *See id.*

Alexander has also advised the Court on numerous occasions that she is dissatisfied with her appellate counsel and wholly disagrees with his assertion that her appeal is frivolous. We construe this as a claim that Alexander has received ineffective assistance of appellate counsel.

A similar standard exists for establishing ineffective assistance of counsel on appeal. The appellant must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability she "would have prevailed on appeal" but for counsel's deficient performance. *Ex parte Santana*, 227 S.W.3d 700, 704-05 (Tex. Crim. App. 2007).

Alexander contends that her appellate counsel advised her from the beginning that her appeal was frivolous, that counsel "didn't take into consideration anything on my behalf," and that counsel doesn't know what the appeal is about. However, Alexander does not specify what she believes counsel should have done differently in preparing her appellant's brief. And in view of the trial record, we cannot agree that there is any reasonable probability that she "would have prevailed on appeal" if counsel had presented some of the issues she discusses in her pro se response. *See id.*

Accordingly, we cannot agree with Alexander's complaints regarding the performance of her trial and appellate attorneys.

## Conclusion

We affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Alexander a copy of our decision by certified mail, return receipt requested, at Alexander's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Alexander of her right to file a *pro se* petition for discretionary review.[1] *Id.*; *see also Ex*

---

[1]     Ordinarily, we would grant counsel's motion to withdraw, effective upon counsel's compliance with Rule 48.4 as evidenced by "a letter [to this Court] certifying his compliance with this rule." *See* TEX. R. APP. P. 48.4; *see also Meza v. State*, 206 S.W.3d 684, 689 & n.23 (Tex. Crim. App. 2006); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.). Here, however, counsel followed the procedures previously outlined by this Court in *Sowels v. State* and filed his motion to withdraw with the trial court.

*parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva*, 209 S.W.3d at 249.  Finally, counsel must provide this Court "a letter certifying his compliance with [Rule 48.4]."  *See* TEX. R. APP. P. 48.4.



                FELIPE REYNA
                Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurs in the judgment to the extent it affirms Alexander's conviction.  *See Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.) (Gray, C.J., concurring).  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed October 8, 2008
Do not publish
[CR25]

---

*See Sowels v. State*, 45 S.W.3d 690, 692 (Tex. App.—Waco 2001, no pet.), *overruled in part by Meza*, 206 S.W.3d at 689.  The Court of Criminal Appeals has overruled this aspect of *Sowels*, and this Court has "jurisdication and authority to grant a motion to withdraw that accompanies an *Anders* brief" if the Court determines that counsel has satisfied his professional obligations and that the appeal is frivolous.  *Meza*, 206 S.W.3d at 689.