IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,284






EX PARTE PEDRO JOSE SANTANA, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NO. 748799-B IN THE 174TH 

JUDICIAL DISTRICT COURT HARRIS COUNTY


 Keasler, J., delivered the opinion of the Court in which Keller, P.J., and Meyers,
Price, Hervey, and Cochran, JJ., joined. Womack, Johnson, and Holcomb, JJ.,
concurred. 



O P I N I O N



 Pedro Jose Santana filed a subsequent application under Article 11.07, Texas Code of
Criminal Procedure, alleging that he is actually innocent. We filed and set this case to
determine whether Santana's first application, which presented a claim of ineffective
assistance of appellate counsel, challenged the conviction for purposes of Article 11.07,
Section 4. We hold that it did and that his current claim is procedurally barred. Therefore, we
dismiss his application under Section 4.

Procedural Background

 In 1997, Santana pled guilty to the first-degree-felony offense of aggravated robbery. 
The trial judge entered an affirmative deadly weapon finding and sentenced Santana to forty
years' imprisonment. Santana appealed and, in an unpublished opinion, the Fourteenth Court
of Appeals affirmed. (1)

 Santana filed his first application for a writ of habeas corpus in 2003. In his sole ground
for relief, Santana claimed that his appellate counsel rendered ineffective assistance for failing
to challenge the indictment on direct appeal. The trial court recommended denying relief,
finding that Santana "fail[ed] to show that the conduct of appellate counsel fell below an
objective standard of reasonableness and that, but for counsel's alleged deficient conduct,
there is a reasonable probability that the result of the proceeding would have been different." 
On September 3, 2003, we adopted the trial court's findings and denied relief.

 Santana has now filed a second application in which he alleges that he is actually
innocent of the offense of aggravated robbery with a deadly weapon. He claims that he only
attempted to commit the offense. The trial judge has recommended that Santana's application
be dismissed under Article 11.07, Section 4 of the Texas Code of Criminal Procedure. (2) 

 We filed and set this case for submission to decide whether Santana's subsequent
application is procedurally barred under Article 11.07, Section 4 of the Texas Code of
Criminal Procedure when his initial application presented only a claim of ineffective
assistance of appellate counsel.Law and Analysis 

 Section 4 of Article 11.07, Texas Code of Criminal Procedure, restricts habeas 
applicants to "one bite of the apple" except in specified circumstances: (3) 

 If a subsequent application for writ of habeas corpus is filed after final
disposition of an initial application challenging the same conviction, a court may
not consider the merits of or grant relief based on the subsequent application
unless the application contains sufficient specific facts establishing that:
(1) the current claims and issues have not been and could not have been
presented previously in an original application or in a previously considered
application filed under this article because the factual or legal basis for the
claim was unavailable on the date the applicant filed the previous application; or
(2) by a preponderance of the evidence, but for a violation of the United States
Constitution no rational juror could have found the applicant guilty beyond a
reasonable doubt. (4)


 Section 4 applies after the final disposition of a prior application that challenged the
same conviction. A final disposition "must entail a disposition relating to the merits of all the
claims raised." (5) A denial indicates that a disposition is related to the merits or is based on a
determination that the merits can never be decided. (6) In contrast, a dismissal is unrelated to the
merits of any claims. (7) A challenge to the conviction means that the prior application presented
"claims regarding the validity of the prosecution or the judgment of guilt." (8) "[O]nce an
applicant files an application challenging the conviction, all subsequent applications regarding
the same conviction must meet one of the two conditions set forth in § 4(a)(1) & (2)." (9) 

 In two prior cases --Ex parte Evans (10) and Ex parte McPherson (11)--we identified two
claims that do not constitute a challenge to a conviction when raised on an initial application
for purposes of Section 4. In Ex parte Evans, we held that the applicant's initial application,
which challenged only the revocation of parole, did not qualify as an application that
"'challenge[d] the conviction' within the meaning of Article 11.07, § 4." (12) A claim that attacks
a parole revocation "'is not addressed to the validity of the underlying conviction.'" (13) In Ex
parte McPherson, we held that the applicant's initial application that sought only an out-of-time appeal due to counsel's failure to file a notice of appeal did not challenge the conviction
under Section 4. (14) We concluded that an allegation directed at an attorney's failure to preserve
an applicant's right or opportunity to appeal does "not pertain to the validity of the prosecution
or the judgment of guilt." (15) Similarly, when an initial application presents claims challenging
the validity of the prosecution or the judgment of guilt and presents a claim concerning the
denial of the right to appeal and this Court grants an out-of-time appeal while dismissing the
remaining grounds for relief, (16) the initial application does not qualify as an application that
challenged the conviction for purposes of Section 4(a). "[G]ranting an out-of-time appeal
restores the pendency of the direct appeal," thereby making any substantive claims challenging
the conviction "premature." (17) 

 In denying Santana's first application without written order on the findings of the trial
court without a hearing, we resolved the merits of Santana's ineffective assistance of appellate
counsel claim against him. Therefore, Santana received a final disposition that was related to
the merits of his claim. (18) 

 Now we must determine whether Santana's first application, which advanced only a
claim concerning appellate counsel's failure to challenge the indictment on appeal, constitutes
an initial application that challenged his conviction for aggravated robbery under Section 4. 
In making this determination, we must consider whether Santana's first application should be
treated like those that fall under the holding of Ex parte McPherson. (19) The State argues that
it should not. According to the State, Santana "challenged the validity of the prosecution by
alleging that the indictment was defective and that his appellate counsel was ineffective for
failing to raise this claim." (20) We agree. 

 First, unlike the situation in which an applicant was deprived of the right to participate
in the appellate process altogether, Santana was afforded the opportunity to appeal. Next, the
prejudice standard that governs claims of ineffective assistance of appellate counsel for failure
to raise a claim on direct appeal differs from the prejudice standard that applies to claims
concerning the complete denial of the right to appeal. An applicant seeking an out-of-time
appeal due to the complete denial of the right to appeal need only make a limited showing of
prejudice--"a reasonable probability that, absent counsel's errors, a particular proceeding
would have occurred." (21) But to show that appellate counsel was ineffective for failing to assign
a particular point of error on appeal, an applicant must meet the standard set out in Strickland
v. Washington. (22) This requires a showing of both deficient performance and prejudice. (23) An
applicant must demonstrate that counsel's decision not to raise a particular point of error was
objectively unreasonable and that there is a reasonable probability that, but for counsel's
failure to raise that issue, the applicant would have prevailed on appeal. (24) "A reasonable
probability is a probability sufficient to undermine confidence in the outcome" of the
proceeding. (25) Therefore, Santana's ineffective assistance of appellate counsel claim was
reviewed under the prejudice standard announced in Strickland. 

 An allegation of ineffective assistance of appellate counsel for failure to advance a point
of error on direct appeal includes an underlying claim relating to the conviction that must be
considered in analyzing deficient performance and prejudice. (26) The factual and legal issues or
merits relating to the underlying claim are necessarily reviewed. And in reviewing an underlying
claim for resulting prejudice, the propriety of the prosecution and the judgment of guilt is
directly called into question. A showing of a reasonable likelihood of success on appeal places
the conviction itself under scrutiny. Therefore, we hold that when an applicant presents only
a claim of ineffective assistance of appellate counsel on direct appeal in an initial application,
it constitutes a challenge to the conviction under Section 4. Our determination is supported by
the intent behind Section 4--to prevent piecemeal litigation by limiting applicants to a single
application absent the special circumstances outlined in subsections (a)(1) and (2). Santana
must therefore show that his current claim--that he is actually innocent of aggravated
robbery--meets the requirements provided in subsections (a)(1) or (2). 

 Santana has failed to set forth any reason why he meets either of the statutory
requirements. Nevertheless, our own review of his allegation reveals that the factual and legal
basis of his claim was available when he filed his initial application. (27) Santana claims that he
is actually innocent of aggravated robbery because he was first charged with attempt to commit
aggravated robbery. Because Santana knew about the prior attempt charge when he filed his first
application, he has failed to meet the conditions in Section 4(a)(1). Turning to the second
subsection, we recently held that "an applicant must accompany constitutional violation claims
with a prima facie claim of actual innocence to satisfy the requirements" of Section 4(a)(2). (28) 
Santana has not made such a showing. Although he identifies his allegation as one of actual
innocence, his claim is properly characterized as one that challenges the sufficiency of the
evidence. Santana disputes only the facts which he stipulated to when entering his guilty plea. 
A challenge to the sufficiency of the evidence, however, is not cognizable in an application for
a writ of habeas corpus. (29) As a result, Santana has failed to allege sufficient specific facts
establishing a cognizable claim. (30) His application is therefore dismissed under Section 4.


DATE DELIVERED: June 27, 2007

PUBLISH


 

1. Santana v. State, No. 14-97-01074-CR, 1999 Tex. App. LEXIS 8975, at *10
(Tex. App.--Houston [14th Dist.] Dec. 2, 1999, pet. ref'd) (not designated for publication).
2. Tex. Code Crim. Proc. art. 11.07 § 4(a) (Vernon 2005).
3. Ex parte Torres, 943 S.W.2d 469, 473-74 (Tex. Crim. App. 1997). 
4. Tex. Code Crim. Proc. art. 11.07 § 4(a). 
5. Ex parte Torres, 943 S.W.2d at 474.
6. Id. at 472, 474.
7. Id.
8. Ex parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998); see also Ex parte
Kerr, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002).
9. Ex parte Whiteside, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). 
10. Ex parte Evans, 964 S.W.2d at 647. 
11. Ex parte McPherson, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).
12. Ex parte Evans, 964 S.W.2d at 646-47 (quoting Tex. Code Crim. Proc. art.
11.07 § 4(a)).
13. Id. (quoting Ex parte Woodward, 619 S.W.2d 179, 179 (Tex. Crim. App. 1981)).
14. Ex parte McPherson, 32 S.W.3d at 861. 
15. Id. 
16. Ex parte Torres, 943 S.W.2d at 472, 474. 
17. Id. at 472; see also Mestas v. State, 214 S.W.3d 1, 4 (Tex. Crim. App. 2007). 
18. Ex parte Torres, 943 S.W.2d at 472, 474.
19. 32 S.W.3d at 861. 
20. Br. of State at 5.
21. Cf. Ex parte Crow, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005).
22. Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (citing Strickland v.
Washington, 466 U.S. 668, 687-91, 694 (1984)); Smith v. Murray, 477 U.S. 527, 535-36
(1986) (citing Strickland, 466 U.S. at 689-90); Ex parte Butler, 884 S.W.2d 782, 783-84
(Tex. Crim. App. 1994).
23. Strickland, 466 U.S. at 687.
24. Robbins, 528 U.S. at 285-86 (citing Strickland, 466 U.S. at 687-91, 694).
25. Strickland, 466 U.S. at 694. 
26. See, e.g., Ex parte Butler, 884 S.W.2d at 783-84; Schaetzle v. Cockrell, 34 F.3d
440, 442-43 (5th Cir. 2003).
27. Tex. Code Crim. Proc. art. 11.07 § 4(a)(1). 
28. Ex parte Brooks, 219 S.W.3d 396, 398, 400-01 (Tex. Crim. App. 2007).
29. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).
30. Ex parte Campbell, No. WR-44,551-03, 2007 Tex. Crim. App. LEXIS 504, at
*10 n.7 (Tex. Crim. App. Apr. 25, 2007) (citing Ex parte Brooks, 219 S.W.3d at 400; Ex
parte Staley, 160 S.W.3d 56, 64 (Tex. Crim. App. 2005)).