IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-64,876-02




EX PARTE ERIC GACHUCHA ANDIKA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 29543 IN THE 13TH DISTRICT COURT
FROM NAVARRO COUNTY


 
           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to forty-five years’ imprisonment. The Tenth Court of Appeals affirmed his conviction.
Andika v. State, No. 10-04-00278-CR (Tex. App.–Waco 2005, no pet.).
            Applicant contends that his punishment was improperly enhanced, that there is insufficient
evidence that he is a habitual offender, Tex. Pen. Code § 12.42(d), and that trial counsel rendered
ineffective assistance. The trial court made findings of fact and concluded that counsel was not
ineffective. It also concluded that Applicant’s other grounds are procedurally barred. Tex. Code
Crim. Proc. art. 11.07, § 4. On June 28, 2006, in response to a motion to dismiss filed by Applicant,
we dismissed the -01 application. This was not a “final disposition” related to the merits that
triggered § 4. Ex parte Torres, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997); Ex parte Santana, 227
S.W.3d 700, 703 (Tex. Crim. App. 2007). Accordingly, Applicant’s other grounds are not
procedurally barred under § 4. But based on our own independent review of the record, we conclude
that they are without merit. Relief is denied.
Filed: August 25, 2010
Do not publish