THE COURT OF CRIMINAL APPEALS

ABLE ACOSTA,
CLERK OF COURT
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS   78711

April 20, 2015

RE: TRIAL COURT CASE #926096-D
      WR-70,668-03

Dear Sir,

Im resubmitting a letter that was sent to this court on the 5th day of March 2015, seek to get the court to order the trial court to address the issues presented in this habeas application and not to request a denial. The trial court that conducted the habeas ignored a Brady Claim that was clearly shown, applicant also ask that this court review the affidavits presented with the letter.  The affidavits will show that applicant is not guilty of the offense that he's incarcerated for, and is being illegally incarcerated on a void conviction.

THANKING YOU IN ADVANCE



CHARLES ANTHONY COLBERT
TDCJ-ID NO.1417277
ALLEN POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS 77351

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 28 2015

Abel Acosta, Clerk

CLERK OF THE COURT OF CRIMINAL        MARCH 1, 2015
APPEALS OF TEXAS
P.O. BOX 12308,
CAPITOL STATION
AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 05 2015
Abel Acosta, Clerk

RR:  ANTHONY CHARLES COLBERT,
     TRIAL CAUSE NO.# 926096-D.
     ORDERED TO BE SENT TO THIS COURT. FEB. 19,2015

This letter is in reference to an Application For Habeas Corpus
that was ordered to be forwarded here by the 177Th District Court
of Houston, Texas. Applicant respectfully ask that the motion
attached be presented to the court, because the habeas court did
not attempt to address the issues presented in the application
which was presented based on a Brady violation by an officer of
that court. The application was presented as an actual innocence
claim, based on discovery of information given the Zanita King,
a prosecutor for the court that was given by the victim of the
offense, that specificly stated that applicant was not the person
that robbed her, nor did it appear he even knew the robbery was
being committed. The habeas court failed to order a paper hearing
or a full hearing. it vital that this motion be sent to the court
and that the court be ordered to address the issues presented ,
because the records shows the court addressed an offense that had
nothing to do with this case; or the evidence withheld by the
prosecutor. there should be an affidavit attached to the habeas
application when forwarded by the state from the complainant, and
one from the investigator, which a copy of that motion is attached
to the motion presented here.

                              THANKING YOU IN ADVANCE

                              Charles A. Colbert  #1419277
                              ANTHONY CHARLES COLBERT

THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE,                          §
CHARLES ANTHONY COLBERT,           §  NO._____
                APPLICANT,         §
                                   §

MOTION OBJECTING TO THE CONSTITUTIONALITY OF THE
STATE HABEAS COURT FACT FINDING PROCEDURE

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Applicant respectfully present's this motion challenging the

Constitutionality of the state habeas court findings, and the way

it was conducted. Applicant conviction resulted from a violation

of his constitutional right in cause number #926096-D, in the

177th District Court, Harris County.

### I.    JURISDICTION

This court has jurisdiction to review this issue as persented

in this habeas proceding pursuant to Tex.Code Crim.Proc.11.07(4)

(A)(2).

### II.
### REASONS TO SUSTAIN THIS MOTION

On Feburary 19, 2015, the habeas court ordered the clerk of the

court to forward the records to this court with out allowing the

applicant to have an evidentiary hearing to cross-examine Zanita

King, the prosecutor thats shown to had withheld favorable evid-

ence. The court failed to allow the applicant to object to the

states findings, which was error, because the habeas proceeding

was based on a **Brady violation** that involved the prosecutor, and

the following reasons or sufficient to warrant relief;

1).The court failed to allow applicant to have a "Full and
Fair" hearing, or to anwer to any of the issues presented.

(1)

2).The witness statement withheld by the prosecutor **could not** have been discovered prior to filing the previous application and applicant was told by the prosecutor the witness didn't want to be contacted.

3).The prosecutor Zanita King withholding of the evidence was a direct violation of Brady V Maryland,373 U.S.83(1963)

4).Because the prosecutor that did the fact finding was also a friend of Zanita King, the prosecutor had an obligation to seek justice, and not just simply ignore the issue when theres clearly a substantial showing of a constitutional right violation.

5).The prosecutor Never addressed the issues presented to the habeas court, they only addressed a case that occurred following the case at issue, and is of no consequence to the issue presented here.

6).The evidence present in this habeas proceeding was dis-covered by a Det. Carey Wallmaker, who was hired by an attorney name Daphne Silverman, See the attached exhibit (A).

7).The attorney asked the applicant to look into his case because his trial counsel had recently had (2) allegation of in-effective assistance cousel sustained by the Bar association.

8).Texas Penal Code 37.09(A)(1)(2) and 39.02, states that, "a public servant commits an offense if he with intent to obtain a benefit, or with intent to harm or defraud another" by temper-ing with, or fabricating physical evidence, as here in this case when the prosecutor withheld the complainants statement, and by falsifying the records, and telling the defense the complainantⓒ didn't want to be contacted by no one to cover up her statement.

9).The defense counsel was ineffectivd for not extending his investigation beyond the state files, which is a reflection of McDaniel V Brown,130 S.Ct.665(2010)("petitioner is entitled to relief because his counselor was ineffective for failing to deve-lope and introduce at trial the evidence tendered on habeas")

10).the state habeas court findings should not be sustained because the records and the affidavits presented by applicant was sufficent to show that the prosecutor put winning above her

(2)

ethical obligation to seek justict, which was a violation of the ABA RULE OF PROFESSIONAL CONDUCT,Model Rule 3.8, by withholding expculpatory evidence. See Strickler V Greene,527 U.S.263(1999): Dennis V Wetzel,966 F.Supp.489:

11).Applicant guilty plea was improperly induced because of the prosecutor withholding evidence that corroberated applicant claim that he was not part of the robbery, nor did he know the robbery was happening, and because his counsel failed to do an independent investigation of the case.

12).Applicant was deprived of his right to have the prosecutor anwser to the issues presented to the habeas court, and denied of an opportunity to cross-examine the prosecutor and the defense attorney.

13).This habeas application was presented pursuant to art. 11.07(4)(A)(2), and the United States Supreme Courts standard in Murray V Carrier,477 U.S.478(1986):Ex Parte Anthong Graves,271 S.W.3d 801(2008):Ex Parte Santana,227 S.W.3d 700(Tex.Crim.App.200)

13).The habeas court failed to address the issues presented and adopted the states findings that mainly pointed to an offense that occurred following this case, and had nothing to do with the prosecutor withholding the evidence, nor did it have anything to do with applicant being improperly induced into pleading to the offense related to the probation. Applicant respectfully ask that this Honorable Court remand this case back to the habeas court and order an evidentiary hearing to the extent of a full and fair hearing.

WHEREFORE PRIMISES CONSIDERED, applicant pray that this honorable court order this case remanded back to the habeas court, and that the court properly resolve the issues presented here in this application.

RESPECTFULLY SUBMITTED,

ANTHONY CHARLES COLBERT

(3)

## INMATE DECLARATION

I. Anthony Charles Colbert, being presently incarcerated in the Texas Department Of Criminal Justice, presently at the Allen B Polunsky Unit, polk County, declare on this the 1st day of March 2015, that all claims made here in this motion are true.

_Charles A. Colbert_ *1417277
ANTHONY CHARLES COLBERT

## CERTIFICATE OF SERVICE

I certify that on this day the 1st day of March 2015, that a true and correct copy of this motion was sent by first class U.S. Mail to the prosecutor for the state.

_Charles A. Colbert_ *1417277
ANTHONY CHARLES COLBERT

ANTHONY CHARLES COLBERT
TDCJ-ID NO.#1417277
ALLEN POLUNSKY UNIT
3872 F.M 350 SOUTH
LIVINGSTON, TEXAS
                    77351

(4)

EXHIBIT (A)

AN AFFIDAVIT FROM DETECTIVE  CAREY WELLMAKER

## Affidavit of Carey Wellmaker

I was hired by the attorney Daphne Pattison Silverman to investigate the allegations in Applicant Charles Colbert's post conviction writ. Mr. Colbert was convicted of aggravated robbery.

I was able to locate the complaining witness, Jameshia Lewis. Ms. Lewis was very pleasant and forthright. She did not ever tell me that she was afraid of any of the defendants and did not tell me that she had been threatened by anyone in regards to her testimony. Further, based upon my evaluation of Ms. Lewis's demeanor, she did not appear to be afraid of any of the defendants or appear to feel threatened in any way. By contrast, Ms. Lewis actually appeared genuinely concerned that Applicant Colbert had been convicted when she had told the prosecutor that Colbert was not involved with the robbery.

Ms. Lewis remembered the incident in detail and recounted those details to me which I reduced to an affidavit and she signed. I showed Ms. Lewis photographs of each of the defendants. She was able to easily identify the robbers, and she was able to easily tell me Colbert was not one of the robbers. She described her view of the scene including Applicant Colbert who was outside in a car. She described this scene in detail and was able to explain to me why she did not believe that Colbert was involved with the robbery. She was absolutely confidant in her identification of the robbers. Ms. Lewis was very willing to come to court and tell the court what she told me in order to resolve what she considers a terrible injustice.

When I interviewed Ms. Lewis, I did not tell her anything that Applicant Colbert had said. I interviewed her with completely open ended questions, not designed to give her any information about my thoughts or knowledge of the case.

GEORGE WAYNE WELLMAKER
My Commission Expires
January 10, 2015

Carey Wellmaker

Sworn to and subscribed before me on this the 20 day of JUNE , 2013.

Notary Public