

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-59,939-03

**EX PARTE TRACY LANE BEATTY, Applicant**

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 241-0978-04-A IN THE 241ST JUDICIAL DISTRICT COURT SMITH COUNTY

**ALCALA, J., filed a concurring statement.**

### CONCURRING STATEMENT

I join this Court's order dismissing the subsequent application for a writ of habeas corpus filed by Tracy Lane Beatty, applicant. I conclude that, even if his case were not procedurally barred, applicant has failed to plead facts that would adequately show that his conviction would have been reversed on appeal had appellate counsel's brief complained of the trial court's evidentiary ruling.

Applicant's first ground states, "[Applicant] was denied the effective assistance of counsel on direct appeal in violation of his Sixth Amendment right to counsel." Here,

applicant contends that appellate counsel was ineffective by failing to complain on appeal that the trial court erred in its admission of hearsay testimony that tended to prove the complainant had revoked her consent for applicant to live in her home, which was evidence of the underlying burglary used to establish capital murder. The complainant made a statement to her neighbor indicating that she had told applicant that he must leave her home. The State offered the neighbor's testimony to this effect for the purpose of proving the no-effective-consent element of the burglary offense. Therefore, it is a statement about a statement offered for the truth of the matter asserted, or hearsay-within-hearsay. This evidence was admissible so long as each layer of hearsay independently satisfied some exception to the hearsay rule. TEX. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). To preserve error with respect to a hearsay-within-hearsay complaint, the trial court must be placed on notice of an objection as to each layer of hearsay.[1]

Here, there are two out-of-court statements. The first is the complainant's statement to applicant telling him to leave her house. The second is the complainant's statement to her

---

[1] Preservation of error regarding double-hearsay is controlled by the requirement of specific objections and the requirement that each layer of hearsay must be admissible under an exception. TEX. R. APP. P. 33.1(a)(1); *Sanchez v. State*, 354 S.W.3d 476, 485-86 (Tex. Crim. App. 2011) (citing TEX. R. EVID. 805 and holding that hearsay-within-hearsay is inadmissible unless each part of the combined statements falls within an exception to the hearsay rule); *see also Martin v. State*, 151 S.W.3d 236, 240 (Tex. App.—Texarkana 2004, pet. ref'd) (holding error not preserved where counsel did not specifically object to embedded hearsay).

neighbor informing her that she had told applicant to leave the house. Trial counsel objected specifically to the second statement—the complainant's statement to her neighbor—but counsel did not alert the trial court that he was raising a hearsay objection as to the first statement. The objection was "to any statement that was allegedly said to Betty McCarty [neighbor] by Carolyn Click [complainant]." Because trial counsel made no hearsay objection to the admissibility of the first statement and thus failed to preserve error, appellate counsel could not have raised that point of error on direct appeal. In light of his recognition that error was not preserved, appellate counsel explained that trial counsel's failure to preserve this complaint was the reason that he did not present it on appeal. I conclude that, because trial counsel's hearsay objection was inadequate to preserve his complaint about the hearsay-within-hearsay that served to prove the no-effective-consent element of burglary, appellate counsel did not render deficient performance by failing to assert that complaint on appeal.

Furthermore, applicant has failed to plead adequate facts showing that, even if the trial court had abused its discretion in admitting the evidence, this Court would have found the admission of the evidence to be harmful in light of other evidence in the record showing that applicant was no longer permitted to live with the complainant. For example, applicant told someone that the complainant had asked him to move out of her home and that she had packed a suitcase for him in an effort to kick him out. Because that evidence supports the underlying burglary, applicant is unable to meet the second prong of *Strickland* that requires

him to show that, but for counsel's deficient performance, there was a reasonable probability of a different outcome on appeal. *See Ex parte Santana*, 227 S.W.3d 700, 705 (Tex. Crim. App. 2007).

Because applicant has failed to plead facts that would show a likelihood of success on the merits of any of the grounds he has presented in his subsequent application, I concur in the Court's judgment dismissing his application. Although I remain open to reconsidering this Court's precedent disallowing subsequent applications for writs of habeas corpus on the basis of ineffective assistance of initial habeas counsel, given the present circumstances, I do not reach that issue in this case.

Filed: October 14, 2015

Do Not Publish