Laura Carter Higley, Justice
Appellant, Nii-Otabil Nelson, appeals from the trial court's order, signed on August 11, 2017, denying his third application for a writ of habeas corpus, filed under article 11.072 of the Texas Code of Criminal Procedure. We affirm.
Background
On April 15, 2014, after being charged with injury to a child, a third-degree felony, Nelson, with counsel, pleaded nolo contendere or no contest to the reduced charge of assault-bodily injury, a class A misdemeanor. See TEX. PENAL CODE ANN. §§ 22.04(a)(3), (f), 22.01(a)(1), (b) (West 2017); see also Ex parte Nii-Otabil Nelson , No. 01-14-00924-CR, 2015 WL 3981577, at *1-2 (Tex. App.-Houston [1st Dist.] June 30, 2015, no pet.) (mem. op., not designated for publication). On the same day, the trial court signed an order of deferred adjudication of Nelson's guilt and placed him on community supervision for 18 months. See Ex parte Nelson , 2015 WL 3981577, at *1.
*744 On April 28, 2015, the trial court signed an order unsatisfactorily terminating Nelson from his community supervision. Nelson attempted to appeal from an earlier order modifying the terms of his community supervision, but this Court dismissed that appeal for want of jurisdiction in 2015. See Nelson v. State , No. 01-15-00248-CR, 2015 WL 3981572, at *4 (Tex. App.-Houston [1st Dist.] June 30, 2015, no pet.) (mem. op., not designated for publication).
A. Nelson's First Habeas Corpus Application
On May 30, 2014, through habeas counsel, Nelson had filed his first article 11.072 habeas corpus application, challenging the legal validity of the April 15, 2014 order of deferred adjudication in which community supervision was imposed, and this application was assigned to trial court cause number 1372073-A. See TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 1, 2(b)(1) (West 2017) ; see also Ex parte Nelson , 2015 WL 3981577, at *1. Nelson alleged that his no-contest plea was involuntary because his trial counsel had provided him ineffective assistance for not explaining the ramifications of his plea on his future as a medical professional. See Ex parte Nelson , 2015 WL 3981577, at *1-2.
On September 22, 2014, the habeas court denied Nelson's first habeas application. See Ex parte Nelson , 2015 WL 3981577, at *1. In 2015, this Court affirmed the denial of Nelson's first habeas application, which alleged ineffectiveness of trial counsel. See id. at *6.
B. Nelson's Second Habeas Corpus Application
On August 17, 2016,[1] Nelson, through new habeas counsel, served his second article 11.072 habeas corpus application in the trial court, entitled "Second Actual Innocence Application for Writ of Habeas Corpus," which was assigned to trial court cause number 1372073-B. See Ex parte Nii-Otabil Nelson , No. 01-17-00152-CR, 2017 WL 1149214, at *1 (Tex. App.-Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op., not designated for publication) (hereinafter, " Ex parte Nelson II "). Nelson alleged in his second habeas application that he was actually innocent of the reduced class A misdemeanor charge of assault-bodily injury involving his son, A.T.N, to which he had pleaded no-contest and had been placed on 18-months community supervision in 2014. See Ex parte Nelson II , 2017 WL 1149214, at *1. Nelson did not claim to be currently confined as a result of his no-contest plea, but he asserted that he was suffering the collateral consequences of being unemployed. In addition to his own affidavit, Nelson supported his second habeas corpus application by attaching the police report and two affidavits from his other son, O.A.N., a typewritten one signed on May 13, 2016, and a handwritten one signed on August 10, 2016. Nelson claimed that these two affidavits constituted newly discovered evidence proving his actual innocence. In his affidavit, O.A.N. clarified that he had only heard what he thought was Nelson's assault on A.T.N., but he did not see it in person, and that he had previously exaggerated his story.
On August 10, 2016, the habeas court signed findings of fact, conclusions of law, and an order denying Nelson's second habeas application. See Ex parte Nelson II , 2017 WL 1149214, at *1. The court's order concluded, among other things, that Nelson had failed to allege sufficient facts *745 establishing that his claims could not have been presented previously in his first habeas application, as required by article 11.072, section 9. See itation index="9" url="https://cite.case.law/citations/?q=2017%20WL%201149214">id. In 2017, this Court dismissed for want of jurisdiction as untimely Nelson's appeal from his second habeas application. See id. at *2.
C. Nelson's Third Habeas Corpus Application
On July 14, 2017, Nelson, through current habeas counsel, served this third article 11.072 habeas application in the trial court, which was assigned to the underlying trial court cause number 1372073-C. Nelson again alleges in this third habeas application, entitled "Third Actual Innocence Application for Writ of Habeas Corpus," that he is actually innocent of the class A misdemeanor charge of assault-bodily injury, involving his son, A.T.N., to which he had pleaded no contest and had been later placed on community supervision in 2014. Nelson's third habeas application again attaches his affidavit, the police report and the same two affidavits from O.A.N., the typewritten one signed on May 13, 2016, and the handwritten one signed on August 10, 2016. The State filed an answer and proposed findings of fact and conclusions of law on August 11, 2017.
The Habeas Court's Findings of Fact and Conclusions of Law
Without a hearing, the habeas court adopted and signed the "State's Proposed Findings of Fact, Conclusions of Law, and Order" on August 11, 2017, denying Nelson's third habeas application, assigned to trial court cause number 1372073-C. The court entered the following findings and conclusions:
FINDINGS OF FACT
1. The applicant, Nii-Otabil Nelson, is confined[2] pursuant to the judgment and sentence of the 182nd District Court of Harris County, Texas, in cause number 1372073 (the primary case).
2. On April 15, 2014, the applicant pled nolo contendere to the Class A offense of misdemeanor assault and the Court placed him on an 18-month deferred adjudication without making a finding of guilt. On April 28, 2015, the Court entered an order unsatisfactorily terminating the applicant from deferred adjudication.
3. The Court denied the applicant's first application for writ of habeas corpus in cause number 1372073-A on September 22, 2014.
4. The Court denied the applicant's second application for writ of habeas corpus in cause number 1372073-B on August 10, 2016.
5. The applicant filed the instant application, which is his third application for writ of habeas corpus, on July 14, 2017.
6. The applicant fails to establish that the current claims could not have been presented in the applicant's previous applications for writ of habeas corpus. See TEX. CODE CRIM. PROC. ANN. art. 11.072 § 9(a) (West 2015).
CONCLUSIONS OF LAW
1. All subsequent writ applications filed after final disposition of an initial application must meet the requirements of Article 11.072 Section 9(a) by including sufficient specific facts establishing that the current claims have not been and could not *746 have been presented previously because the factual or legal basis for the claim was unavailable. Ex parte Villanueva, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (citing TEX. CODE CRIM. PROC. ANN. art. 11.072 ).
2. The factual and legal bases for the applicant's complaints in the instant case were available on the dates the applicant filed his previous applications for writ of habeas corpus in cause numbers 1372073-A and 1372073-B. See TEX. CODE CRIM. PROC. ANN. art. 11.072 § 9(a) (West 2015).
3. The applicant fails to meet the requirements of Article 11.072 Section 9(a).
4. In all things, the applicant fails to prove that his conviction was improperly obtained.
Based on these findings and conclusions, the habeas court denied Nelson's third habeas application on August 11, 2017. Also on August 11, 2017, Nelson, through current habeas counsel, timely filed a notice of appeal from the habeas court's order denying his third habeas application under trial court cause number 1372073-C. On the same date, the trial court signed a certification of Nelson's right of appeal, which stated that this was a plea-bargain case, but that the trial court had given Nelson permission to appeal from the order denying his habeas corpus application. See TEX. R. APP. P. 25.2(a)(2).
D. Proceedings in this Court
On October 31, 2017, Nelson, acting pro se, filed an appellate brief in this Court. The State filed its appellate brief on December 29, 2017 and pointed out that Nelson's brief was the same one that his counsel had previously filed in the appeal from the denial of his second habeas application under appellate cause number 01-17-00152-CR. The State noted that Nelson had left the second habeas application's trial court cause number 1372073-B on the cover of his brief and stated that this appeal was from the August 10, 2016 denial of his second habeas application based solely on his actual innocence argument. On January 11, 2018, Nelson filed a pro se reply letter in response.
DISCUSSION
A. Standard of Review
Texas Code of Criminal Procedure article 11.072 establishes the procedure for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West 2017) ; see also Ex parte Ibarra , No. 01-16-00313-CR, 2017 WL 1175557, at *2 (Tex. App.-Houston [1st Dist.] Mar. 30, 2017, no pet.) (mem. op., not designated for publication). Under article 11.072, this Court has jurisdiction to consider an appeal of such an order denying habeas corpus relief. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8.
Generally, an applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. Kniatt v. State , 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). When reviewing the trial court's ruling on a habeas corpus application, we view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. See ids="8447922" index="13" url="https://cite.case.law/sw3d/206/657/#p664">id. However, the generally-applied abuse of discretion standard is not appropriate "when the decision does not turn on the credibility or demeanor of witnesses." Ex parte Martin , 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) ; see also Ex parte Aguilar , 501 S.W.3d 176, 178 (Tex. App.-Houston [1st Dist.] 2016, no pet.). Statutory construction is a question of law that we *747 review de novo. Spence v. State , 325 S.W.3d 646, 650 (Tex. Crim. App. 2010) ; see also Ex parte Aguilar , 501 S.W.3d at 178. We will uphold the trial court's decision on any theory of law applicable to the case. Ex parte Evans , 410 S.W.3d 481, 484 (Tex. App.-Fort Worth 2013, pet. ref'd) ; see also Ex parte Ibarra , No. 01-16-00313-CR, 2017 WL 1175557, at *2.
B. Applicable Law
Article 11.072 normally restricts habeas applicants to just "one bite of the apple." Cf. Ex parte Santana , 227 S.W.3d 700, 703 (Tex. Crim. App. 2007) (describing Article 11.07, which is similarly worded); see also Ex parte Gomez , No. 14-16-00499-CR, 2017 WL 3158908, at *3 (Tex. App.-Houston [14th Dist.] July 25, 2017, no pet.) (mem. op., not designated for publication). However, the statute provides a limited exception for subsequent applications:
If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.
TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a).
After a trial court considers and rejects an applicant's initial article 11.072 habeas corpus application, that court may not consider subsequent article 11.072 applications unless the new application contains sufficient specific facts "establishing that the current claims and issues have not been and could not have been presented" in a previous application "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." Id. at § 9(a). And, with respect to a factual basis, the only basis alleged by Nelson here, "a factual basis of a claim is unavailable on or before a date described by that subsection if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date." Id. at § 9(c). Thus, the rejection of an initial article 11.072 habeas corpus application is the trigger event for Section 9 's subsequent application of abuse-of-the writ restrictions. See Ex parte Salazar , 510 S.W.3d 619, 625 (Tex. App.-El Paso 2016, pet. ref'd) (citation omitted).
C. Analysis
1. First Issue-Denial of Third Habeas Application
Nelson's first issue asserts that the trial court abused its discretion in denying his actual innocence writ of habeas corpus because his son's two recanting affidavits and the police report show that no jury would have found him guilty. Nelson explains that the "reason the issue was not presented in the original petition was because the initial writ of habeas corpus filed by Nelson was for ineffective assistance of counsel alleging that his counsel failed to properly advise him of the ramifications of the nolo contendere plea to his medical profession."
The State responds that the trial court did not abuse its discretion by denying Nelson's third habeas application because he failed to meet the prerequisites for subsequent applications under Section 9, article 11.072. The State claims that we should uphold the denial of Nelson's third application because it is almost identical to his second application. We agree.
As noted above, after the habeas court denied Nelson's first article 11.072 habeas *748 corpus application on September 22, 2014, this rejection triggered Section 9 's subsequent application abuse-of-the writ restrictions. See Ex parte Salazar , 510 S.W.3d at 625. Thus, to be entitled to relief under article 11.072 after his first two habeas applications were denied, Nelson has the burden of proving that the claims and issues in his third, subsequent application "have not been and could not have been presented previously in an original application ... because the factual or legal basis for the claim was unavailable on the date [he] filed the previous application." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a) ; see also Ex parte Gomez , No. 14-16-00499-CR, 2017 WL 3158908, at *3.
Here, Nelson only alleges that a factual basis, not a legal basis, for the claim was unavailable at the time of his initial application because he raised only ineffective assistance of counsel in his first habeas application. However, Nelson's third habeas application is nearly identical to his second habeas application, even including the same two affidavits by his son, O.A.N., from 2016, and raising the same actual-innocence claim. Nelson's third habeas application provided no new facts that "have not been and could not have been presented previously in an original application" because his actual-innocence claim and his son's two affidavits were, in fact, already raised in his second habeas application. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a). Thus, Nelson's third habeas application provided no factual basis that was "unavailable on the date [he] filed the previous application." Id.
And, in any event, Nelson did not and cannot demonstrate in his third habeas application that the factual basis of his actual-innocence claim-his son O.A.N.'s two affidavits from 2016-"was not ascertainable through the exercise of reasonable diligence" before he filed his second habeas application on August 17, 2016. Id. at § 9(c). Instead, Nelson raised the same claim in that second application and attached the same affidavits. Therefore, we hold that Nelson's third habeas application was properly denied because it failed to overcome Section 9 's new-factual-basis procedural bar. See TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a) ; see also Ex parte Galvan-Herrera , No. 13-11-00380-CR, 2012 WL 1484097, at *6 (Tex. App.-Corpus Christi Apr. 26, 2012, no pet.) (mem. op., not designated for publication) (finding that appellant's "subsequent application did not overcome the new-factual-basis procedural bar" because it "provided no new facts that were not already provided in his initial application....").
We overrule his first issue.
2. Second Issue-Actual Innocence Claim
Nelson's second issue contends that, through his son's two affidavits, he proved he was actually innocent of the charge of injury to a child under article 11.072. The State responds that this Court lacks jurisdiction to consider the merits of Nelson's actual-innocence claim because he did not timely appeal the denial of his second habeas application. We agree.
As noted above, this Court has jurisdiction to consider an appeal of an order denying habeas corpus relief arising from placement on community supervision. See TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 ("If the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure...."). However, it is still necessary for the appellant to file a timely notice of appeal to invoke our jurisdiction of that habeas court's order. See TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1), 31.1 ; see also Ex parte Nelson II , 2017 WL 1149214, at *2 (dismissing Nelson's appeal of his second habeas application denial for want of jurisdiction).
*749 In this case, although Nelson timely appealed the habeas court's order denying his third habeas application, under trial court cause number 1372073-C, that court did not consider the actual-innocence claim on the merits. As discussed above, the habeas court denied Nelson's third habeas application under Section 9(a), article 11.072, because the factual bases for his complaints in that application were available when he filed his second habeas application.
Here, because Nelson did not timely appeal the habeas court's August 11, 2016 order denying his second habeas application under trial court cause number 1372073-B, we are without jurisdiction, on this appeal from his third habeas application, to address his second issue relating to the habeas court's denial of Nelson's second habeas application. See Ex parte Werne , 118 S.W.3d 833, 836 (Tex. App.-Texarkana 2003) (citing TEX. R. APP. P. 26.2(b) and Ex parte Okere , 56 S.W.3d 846, 851 (Tex. App.-Fort Worth 2001, pet. ref'd) (discussing appellate jurisdiction to review merits of denial of habeas relief after habeas court conducted hearing addressing habeas application on merits)). We hold that we are without jurisdiction to review Nelson's actual-innocence claim because he did not timely appeal the habeas court's denial of his second habeas application which raised this same claim. See id. ; see also Ex parte Miller , No. 14-14-00862-CR, 2015 WL 9311559, at *5 (Tex. App.-Houston [14th Dist.] Dec. 22, 2015, pet. ref'd) (mem. op., not designated for publication) (because appellant did not timely appeal trial court's dismissal of fourth habeas application and did not appeal denial of fifth habeas application, he could not use appeal of sixth habeas application to challenge issues raised in fourth and fifth applications and, thus, appellate court was without authority to review them).
We overrule his second issue.
Conclusion
Accordingly, we affirm the district court's order denying Nelson's third habeas application.

Although Nelson's second habeas application contains an August 17, 2016 certificate of service, the district clerk's docket sheet in the clerk's record for 01-17-00152-CR shows that Nelson first appeared pro se for that case on June 29, 2016. The second habeas application was not filed until October 28, 2016.

The applicant alleges that he is "confined" as a result of the judgment in the primary case because he has been unable to find employment as a result of his deferred adjudication in the primary case. (footnote in original).