

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00850-CR

**EX PARTE** Juan Gabriel **CISNEROS**

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 88-02-02179
Honorable Federico Hinojosa, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Luz Elena D. Chapa, Justice
                  Irene Rios, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: May 22, 2019

AFFIRMED

Juan Gabriel Cisneros appeals the trial court's order denying habeas relief from a 1989 order of community supervision. Cisneros argues he is entitled to habeas relief because he received ineffective assistance of counsel. The record establishes Cisneros already sought habeas relief from this order in 2010, and Cisneros did not allege an exception to the bar to subsequent applications under article 11.072. We affirm the trial court's order.

### BACKGROUND

In 2016, Cisneros filed an application for writ of habeas corpus in the trial court. In his 2016 application, Cisneros alleged he is restrained in his liberty by a 1989 state-court order that placed him on deferred adjudication community supervision for two years. Cisneros alleged he is incarcerated in federal prison on a mandatory life sentence because a federal court relied on the

1989 community supervision order as a prior "conviction" to enhance his sentence for a federal conviction. Cisneros alleged his trial counsel in the state court proceeding that resulted in the 1989 community supervision order rendered ineffective assistance by advising him that the community supervision order would have no collateral consequences.

According to his 2016 application, Cisneros filed a prior application for writ of habeas corpus seeking relief from the same community supervision order in 2010. Cisneros explained the trial court heard the merits of his 2010 application and denied relief. He further explained he attempted to appeal the denial of habeas relief, but his appeal was dismissed as untimely. According to Cisneros's 2016 application, his 2010 application raised the same ineffective assistance of counsel claim as the one he raised in his 2016 application.

The trial court held a hearing on Cisneros's 2016 application. Following the hearing, the trial court signed an order denying Cisneros habeas relief. The trial court concluded from the face of the application and documents attached thereto that Cisneros is manifestly entitled to no relief. Accordingly, the trial court denied habeas relief. Cisneros timely appealed.

## STANDARD OF REVIEW

Generally, we review a ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). When a trial court resolves an application for habeas relief on an issue of law, we review the issue of law de novo. *See Ex parte Nelson*, 546 S.W.3d 742, 749 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999)). We will uphold the trial court's order if it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

## DISCUSSION

Both in his 2010 and 2016 applications, Cisneros sought habeas relief from the 1989 order of community supervision. Although Cisneros alleged he was seeking relief under article 11.08[1] to avoid a bar to his subsequent application, the trial court's order states Cisneros's application is governed by article 11.072 of the Texas Code of Criminal Procedure. Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a . . . case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072, § 1. Because both of Cisneros's applications sought relief from the same order of community supervision, both applications are governed by the procedures in article 11.072.

Cisneros alleged he was attempting to file his 2016 application under article 11.08 to avoid any bar to subsequent habeas applications, such as the bar to subsequent applications in section 9(a) of article 11.072. Section 9(a) of article 11.072 provides:

> If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

*Id.* § 9(a). Because both of Cisneros's applications sought relief from the same order of community supervision, Cisneros's 2016 application is a "subsequent application" under section 9(a) of article 11.072. *See id.* §§ 1, 9(a); *Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso 2016, pet.

---

[1] Article 11.08 applies when the applicant has been "indicted for an offense, but whose guilt has not been formally adjudicated." *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, pet. ref'd).

ref'd) (stating article 11.072's bar to subsequent writs apply after the trial court considers and rejects an initial 11.072 application).

As a subsequent application, Cisneros's 2016 application would overcome section 9(a)'s bar only if the application contained specific facts establishing "the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." *See* TEX. CODE CRIM. PROC. art. 11.072, §§ 1, 9(a); *Salazar*, 510 S.W.3d at 625. Cisneros's 2016 application does not contain any specific facts establishing his ineffective assistance issue was not, and could not have been, presented in his prior application based on an unavailable factual or legal basis. Instead, the 2016 application contains facts establishing Cisneros's ineffective assistance claim was presented in his 2010 application. Thus, section 9(a) bars the ineffective assistance issue he raises in his 2016 application. *See* TEX. CODE CRIM. PROC. art. 11.072, § 9(a); *Salazar*, 510 S.W.3d at 625.[2] We hold the trial court correctly concluded from the face of Cisneros's 2016 application that Cisneros is entitled to no relief.

**CONCLUSION**

We affirm the trial court's order.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[2] To the extent Cisneros challenges, in this appeal, the denial of his 2010 application, we lack appellate jurisdiction to consider the issue. *See Ex parte Nelson*, 546 S.W.3d 742, 749 (Tex. App.—Houston [1st Dist.] 2018, no pet.).