**Opinion issued October 15, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-19-00401-CR

———————————

## EX PARTE NII-OTABIL NELSON

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1372073-D**

## MEMORANDUM OPINION

Appellant, Nii-Otabil Nelson, appeals from the trial court's order with findings of fact and conclusions of law, signed on June 7, 2019, denying his fourth application for a writ of habeas corpus, filed under article 11.072 of the Texas Code of Criminal Procedure. We affirm.

**Background**

On April 15, 2014, after being charged with injury to a child, a third-degree felony, Nelson, with counsel, pleaded *nolo contendere* or no contest to the reduced charge of assault—bodily injury, a class A misdemeanor. *See* TEX. PENAL CODE §§ 22.04(a)(3), (f), 22.01(a)(1), (b); *see also Ex parte Nii-Otabil Nelson*, 546 S.W.3d 742, 743 (Tex. App.—Houston [1st Dist.] Feb. 15, 2018, no pet.). On the same day, the trial court signed an order of deferred adjudication of Nelson's guilt and placed him on community supervision for eighteen months. *See id.*

On April 28, 2015, the trial court signed an order unsatisfactorily terminating Nelson from his deferred adjudication community supervision. *See id.* at 744. This Court affirmed the denial of or dismissed for want of jurisdiction Nelson's appeals from his first three habeas corpus applications challenging the same underlying 2014 order placing him on community supervision for assault—bodily injury. *See id.* at 744–45 (summarizing Nelson's first three habeas corpus applications).

On January 24, 2019, Nelson, through habeas counsel, filed his fourth article 11.072 habeas application in the trial court, which was assigned to the underlying trial court cause number 1372073-D. Nelson again alleges in this habeas application that he is actually innocent of the class A misdemeanor charge of assault—bodily injury involving his son, A.T.N., to which he had pleaded no contest and had been later placed on deferred adjudication community supervision in 2014. Nelson's

2

fourth habeas application again attaches his affidavit, the police report and the same two affidavits from his other son, O.N., one signed on May 13, 2016, and one signed on August 10, 2016, both of which were previously attached to his third habeas corpus application.

The State filed a first amended original answer on February 28, 2019, and first amended proposed findings of fact and conclusions of law on March 15, 2019, which the trial court had not signed when it signed a directive order denying Nelson's habeas application on April 22, 2019, or when Nelson filed his April 25, 2019 notice of appeal. The trial court certified that appellant had the right of appeal on May 21, 2019. *See* TEX. R. APP. P. 25.2(a)(2). The district clerk filed a supplemental clerk's record with the "State's Second Amended Proposed Findings of Fact, Conclusions of Law and Order," signed by the trial court on June 7, 2019. This Court's July 23, 2019 order deemed Nelson's notice of appeal to be filed on June 7, 2019, after the findings and conclusions and order were signed. *See* TEX. R. APP. P. 27.1(b).

### *The Habeas Court's Findings of Fact and Conclusions of Law*

Without a hearing, the habeas court adopted and signed the "State's Second Amended Proposed Findings of Fact, Conclusions of Law and Order" on June 7, 2019, denying Nelson's fourth habeas application, assigned to trial court cause number 1372073-D. The court entered the following pertinent findings and conclusions:

# FINDINGS OF FACT

*Applicant's Instant Writ of Habeas Corpus*

22.     On January 24, 2019, the Applicant filed the instant writ alleging actual innocence and collateral consequences. *Applicant's Writ at 1, 7.*

23.     To support the allegations the Applicant makes in the instant writ, the Applicant attaches a typewritten affidavit from O.N. and a handwritten affidavit from O.N. *Applicant's Writ Exhibits C and D.*

24.     The handwritten affidavit from O.N[.] attached to the instant writ is identical to both the handwritten statement attached to the Applicant's "B" Writ [second habeas] and the handwritten affidavit attached to the Applicant's "C" Writ [third habeas]. *State's Writ Exhibit E, "B" Writ at 11-12; State's Writ Exhibit G, August 10, 2016 affidavit from O.N[.] attached to Applicant's "C" Writ; Applicant's Writ Exhibit D.*

25.     The trial court finds that the Applicant has alleged that he is actually innocent in his previous two (2) habeas applications and has used the same statement from his son, O.N[.], as evidence to support his allegations.

26.     The trial court finds that the Applicant's instant writ application lacks sufficient specific facts establishing that the claims in the instant writ application have not been raised in previous writ applications.

27.     Based on the existing previous writs, the trial court finds that the claims in the instant writ application are frivolous in light of the fact that they are substantively the same claims made in the Applicant's previous two (2) writ applications.

28.     Based on the Applicant's use of the affidavit signed by O.N[.] which is dated August 10, 2016, the trial court finds that O.N[.]'s statements were ascertainable before the date that the Applicant filed the instant writ.

4

## CONCLUSIONS OF LAW

37. The Applicant is barred from obtaining habeas relief via the instant writ because he fails to establish sufficient specific facts which establish that the claims in the instant writ have not been presented in any previously considered application filed under article 11.072. TEX. CODE CRIM. PROC. ANN. art. 11.072, section 9.

38. The claims in the instant writ are frivolous because the First Court of Appeals has previously affirmed the denial of the exact claims. TEX. CODE CRIM. PROC. ANN. art. 11.072, section 7; *Ex parte Nelson*, No. 01-17-00152-CR, 2017 WL 1149214 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op., not designated for publication).

Based on these findings and conclusions, the habeas court denied Nelson's fourth habeas application on June 7, 2019. This Court submitted this case without briefing. TEX. R. APP. P. 31.2(a).

## Discussion

### A. Standard of Review

Texas Code of Criminal Procedure article 11.072 establishes the procedure for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072, § 1. Under article 11.072, this Court has jurisdiction to consider an appeal of such an order denying habeas corpus relief. TEX. CODE CRIM. PROC. art. 11.072, § 8.

Generally, an applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citation omitted). When reviewing

5

the trial court's ruling on a habeas corpus application, we view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *See id.* However, the generally applied abuse of discretion standard is not appropriate "when the decision does not turn on the credibility or demeanor of witnesses." *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *see also Ex parte Aguilar*, 501 S.W.3d 176, 178 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Statutory construction is a question of law that we review de novo. *Spence v. State*, 325 S.W.3d 646, 650 (Tex. Crim. App. 2010); *see also Ex parte Aguilar*, 501 S.W.3d at 178. We will uphold the trial court's decision on any theory of law applicable to the case. *Ex parte Evans*, 410 S.W.3d 481, 484 (Tex. App.–Fort Worth 2013, pet. ref'd).

**B.    Applicable Law**

Article 11.072 normally restricts habeas applicants to just "one bite of the apple." *Cf. Ex parte Santana*, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007) (describing Article 11.07, which is similarly worded). However, the statute provides a limited exception for subsequent applications:

> If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was

unavailable on the date the applicant filed the previous application.

TEX. CODE CRIM. PROC. art. 11.072, § 9(a).

After a trial court considers and rejects an applicant's initial article 11.072 habeas corpus application, that court may not consider subsequent article 11.072 applications unless the new application contains sufficient specific facts "establishing that the current claims and issues have not been and could not have been presented" in a previous application "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." *Id.* And, with respect to a factual basis, the only basis alleged by Nelson here, "a factual basis of a claim is unavailable on or before a date described by that subsection if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date." *Id.* § 9(c). Thus, the rejection of an initial article 11.072 habeas corpus application is the trigger event for section 9's subsequent application of abuse-of-the-writ restrictions. *See Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso 2016, pet. ref'd) (citation omitted).

## C.    Analysis

Nelson's fourth habeas corpus application, filed by counsel, begins by stating that it "is being filed to replace the Third Actual Innocen[ce] Application for Writ of Habeas Corpus that was filed pro se in December 2018." Nelson claims that he is actually innocent and that there is newly discovered evidence from a new affidavit

7

from his other son, O.N., dated January 5, 2019, which provides further recantation of his first two affidavits, and one of those, the August 10, 2016 handwritten affidavit, was also attached to this fourth application.

However, as noted above, after the habeas court denied Nelson's first article 11.072 habeas corpus application on September 22, 2014, this rejection triggered section 9's subsequent application abuse-of-the-writ restrictions. *See Ex parte Salazar*, 510 S.W.3d at 625. Thus, to be entitled to relief under article 11.072 after his first three habeas applications were denied, Nelson has the burden of proving that the claims and issues in his fourth application "have not been and could not have been presented previously in an original application . . . because the factual or legal basis for the claim was unavailable on the date [he] filed the previous application." TEX. CODE CRIM. PROC. art. 11.072, § 9(a).

Here, the trial court found that Nelson "has alleged that he is actually innocent in his previous two (2) habeas applications and has used the same statement from his son, O.N[.], as evidence to support his allegations." Thus, the habeas court found that Nelson's "instant writ application lacks sufficient specific facts establishing that the claims in the instant writ application have not been raised in previous writ applications," and because he used "the affidavit signed by O.N[.] which is dated August 10, 2016, the trial court finds that O.N[.]'s statements were ascertainable before the date that the Applicant filed the instant writ." Thus, Nelson's fourth

8

habeas application provided no new facts that "have not been and could not have been presented previously in an original application" because his actual-innocence claim and his son O.N.'s handwritten 2016 affidavit were previously submitted in his third habeas application. TEX. CODE CRIM. PROC. art. 11.072, § 9(a). Thus, Nelson's fourth habeas application provided no factual basis that was "unavailable on the date [he] filed the previous application." *Id.* Therefore, we hold that Nelson's fourth habeas application was properly denied because it failed to overcome Section 9's new-factual-basis procedural bar. *See id.*

We overrule appellant's only issue.

## Conclusion

Accordingly, we affirm the district court's order denying Nelson's fourth habeas application.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).