**Opinion issued December 2, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-21-00239-CR

_____

## EX PARTE ALAN NELSON CROTTS, Appellant

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 13-CCR-165781**

---

## MEMORANDUM OPINION

Appellant, Alan Nelson Crotts, challenges the trial court's order denying his second application for writ of habeas corpus.[1]  In his sole issue, appellant contends that the trial court erred denying him habeas relief.

We affirm.

---

[1]    *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9.

## Background

A jury found appellant guilty of the misdemeanor offense of assault of a family member.[2] The trial court, pursuant to appellant's post-verdict agreement with the State, assessed appellant's punishment at confinement for 365 days, suspended the sentence, placed him on community supervision for twenty-four months, and assessed a fine of $2,000. On direct appeal, we affirmed the trial court's judgment of conviction.[3]

On February 19, 2018, appellant filed his first application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[4] In his first application, appellant argued that he was entitled to habeas relief because there was newly-discovered evidence—certain photographs—that established his factual innocence and the State's witnesses testified falsely at trial. Appellant also asserted that his trial counsel provided him with ineffective assistance and appellant was prejudiced by his counsel's deficient performance. According to appellant, his trial counsel failed to: (1) "adequately challenge extreme[ly] prejudicial testimony" given by the complainant and a law enforcement officer, (2) "present impactful

---

[2]      *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.013; TEX. FAM. CODE ANN. §§ 71.003–.004.

[3]      *See Crotts v. State*, No. 01-15-01108-CR, 2017 WL 3027657, at *1–7 (Tex. App.— Houston [1st Dist.] July 18, 2017, pet. ref'd) (mem. op., not designated for publication).

[4]      *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

witness testimony for the defense," (3) "object to certain improper jury arguments made by [the State]," and (4) call additional "witnesses available to testif[y] on [appellant's] behalf" at trial. In asserting that his trial counsel failed to object to the State's improper jury argument, appellant explained that the State, during its closing argument, stated that the complainant "had nothing to gain by going into the police department and reporting something that didn't happen." Appellant asserted that this argument by the State constituted improper bolstering of the credibility of the State's witness: the complainant. And appellant's trial counsel erred in not objecting to that portion of the State's jury argument.

On March 23, 2018, the trial court conducted a hearing on appellant's first habeas application. At the hearing, appellant presented the testimony of his trial counsel, Richard Cobb. On November 28, 2018, the trial court denied appellant's requested habeas relief and issued findings of fact and conclusions of law. On November 26, 2019, we affirmed the trial court's order denying appellant habeas relief.[5]

On February 9, 2021, appellant filed his second application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[6] In his second

---

[5] *See Ex parte Crotts*, No. 01-18-00666-CR, 2019 WL 6314906, at *1–9 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, no pet.) (mem. op., not designated for publication).

[6] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9.

application, appellant argued that he was entitled to habeas relief because there was newly-discovered evidence—certain photographs—that established his factual innocence, the State's witnesses testified falsely at trial, and the above-mentioned portion of the State's closing argument constituted improper jury argument. Appellant also asserted that his trial counsel provided him with ineffective assistance and appellant was prejudiced by his counsel's deficient performance. According to appellant, his counsel failed to: (1) object to improper jury argument by the State, (2) "call [certain] defense witnesses" to testify at trial, (3) "challenge [the] testimony from [a State's] witness," (4) "investigate or challenge a 'Brady Report' from the [State]," and (5) "discover . . . evidence that would have proven [that] the testimony of a [State's] witness was false." Appellant acknowledged that his second application for writ of habeas corpus constituted a "subsequent application"[7] and asserted that he filed his second application for habeas corpus to "fulfill his obligation to fully exhaust the state-level remedies before re-filing his federal habeas petition."

In response to appellant's second application for writ of habeas corpus, the State argued that appellant was not entitled to habeas relief because his second application for writ of habeas corpus constituted a "subsequent application for writ

---

[7]     *See id.*

4

of habeas corpus" and was procedurally barred.[8] According to the State, appellant, in his first application for writ of habeas corpus, argued that he was entitled to habeas relief because his trial counsel provided him with ineffective assistance of counsel, there was newly-discovered evidence, and the State's witnesses testified falsely at trial. In his second application for writ of habeas corpus, appellant made the same arguments and acknowledged that his second application was "in fact a subsequent writ." Relying on Texas Code of Criminal Procedure article 11.072, section 9, the State argued that appellant's second application for writ of habeas corpus, which was filed after the final disposition of his first application, could not be considered by the trial court because the application did not contain "sufficient specific facts establishing that [appellant's] current claims and issues ha[d] not been and could not have been previously presented in [his first] application . . . because the factual or legal basis for [his] claim[s] was unavailable on the date [he] filed [his first] application."[9] According to the State, appellant made "no factual showing whatsoever in his [second] application [for writ of habeas corpus] to explain why his claims ha[d] not been and could not have been previously presented." And, in actuality, appellant's claims in his second habeas application had been "presented and . . . litigated" in his first application for writ of habeas corpus.

---

[8] *See id.*

[9] *See id.*

5

The trial court denied appellant's requested habeas relief and issued the following findings of fact and conclusions of law:

**Findings of Fact**

1.     [Appellant] was charged with the offense of [a]ssault, family violence in cause 13-CCR-165781.

2.     [Appellant] was represented by attorney . . . Cobb in the underlying case.

3.     [Appellant] proceeded to a jury trial and was convicted.

4.     During the trial, [the complainant] testified that she had two children with [appellant]. [The complainant] testified on the day in question, [appellant] spit in her face and struck her with his hand, causing her pain.

5.     [The complainant's father] also testified that he was present during the assault. He testified that he saw [appellant] lunge toward [the complainant]. [The complainant's father] testified that he did not see the "point of impact," but when he was asked at trial what [appellant] did, [he] testified, "Yeah, he hit her."

6.     Needville Police Department Officer Radar testified that this incident took place right outside the police department, and when he was summoned outside to investigate, he saw [the complainant] upset, and saw saliva on her car, consistent with her testimony that [appellant] spit on her.

7.      State's [E]xhibits 1 and 2 were admitted in evidence, being a photo showing [the complainant's] car with saliva on it and a photo of [the complainant's] face showing redness around her eye and cheekbone.

8.     [Officer] Radar testified that [appellant] told him that [he] "may have accidentally hit" [the complainant] and [appellant] admitted to spitting on her car.

9.     The jury found [appellant] guilty, and pursuant to a post-conviction agreement with the State, [appellant's] punishment was assessed at 24 months' community supervision.

10.     [Appellant] filed a direct appeal, and his conviction was affirmed, and the petition for discretionary review he filed was refused. *Crotts v. State*, No. 01-15-01108-CR, 2017 WL 3027657 (Tex. App.—Houston [1st Dist.] Jul[y] 18, 2017, pet. ref'd) ([mem. op.,] not designated for publication).

11.     [Appellant] then filed a pro se [a]pplication for writ of habeas corpus, alleging ineffective assistance of trial counsel, newly[-]discovered evidence, and false testimony.

12.     The [trial] [c]ourt held a hearing on [appellant's] application on March 23, 2018 before then-presiding Judge Susan Lowery.

13.     [Appellant's] trial counsel . . . Cobb appeared and testified.

14.     The [trial] [c]ourt found . . . Cobb's testimony credible.

15.     The [trial] [c]ourt did not find [appellant's] claims that the State's witnesses at trial perjured themselves to be credible.

16.     The trial court did not find that there was any new, previously undiscovered and undiscoverable evidence which would have had any appreciable impact on the trial.

17.     The trial court denied [appellant's] request for relief on his [first] application for writ of habeas corpus.

18.     Th[e] [trial] [c]ourt's denial of [appellant's first] application for writ of habeas corpus was affirmed on appeal. *Ex parte Crotts*, No. 01-18-00666-CR, 2019 WL 6314906 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019[,] no pet.) [(mem. op., not designated for publication)].

19.     [Appellant] now brings this subsequent application for writ of habeas corpus, in which he brings the same grounds for relief which he brought in his previous application for writ of habeas corpus. [Appellant] again argues that he should be granted relief because his

trial counsel was ineffective, and there was newly[-]discovered evidence establishing his factual innocence, and the State's witnesses testified falsely. . . .

20.     [Appellant] acknowledged that [his second] application for writ of habeas corpus is a subsequent writ, but argued that he should be able to relitigate the issues [t]herein for various reasons.

## Conclusions of Law

1.     A subsequent application for writ of habeas corpus which is filed after a final disposition of an initial application may not be considered unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been previously presented in an original application under this article because the factual or legal bas[es] for the claim[s] w[ere] unavailable on the date the applicant filed the previous application. TEX. CODE CRIM. PROC. [ANN.] art. 11.072, [§] 9(a).

2.     The factual basis of a claim is unavailable if the factual basis was not ascertainable through the exercise of reasonable diligence. TEX. CODE CRIM. PROC. [ANN.] art. 11.072, [§] 9(c).

3.     Because [appellant] raises the same claims he made in his previous application, and these claims were fully litigated on the merits, [appellant's second] application is procedurally barred as a subsequent writ. TEX. CODE CRIM. PROC. [ANN.] art. 11.072, [§] 9(a).

(Emphasis omitted.)

## Standard of Review

Generally, an applicant seeking post-conviction habeas relief must prove his claims by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing a trial court's decision to deny habeas relief, we view the facts in the light most favorable to the trial court's ruling and will

8

uphold the trial court's decision absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). But the generally applied abuse-of-discretion standard is not appropriate when the trial court's decision does not turn on the credibility or demeanor of witnesses. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Ex parte Nelson*, 546 S.W.3d 742, 746–47 (Tex. App.—Houston [1st Dist.] 2018, no pet.). When a trial court resolves an application for writ of habeas corpus on an issue of law, we review the trial court's ruling de novo. *Ex parte Martin*, 6 S.W.3d at 526; *Ex parte Nelson*, 546 S.W.3d at 746–47. We will affirm the trial court's decision if it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001); *Ex parte Primrose*, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997, pet. ref'd).

## Subsequent Application

In his sole issue, appellant argues that the trial court erred denying him habeas relief related to his second application for writ of habeas corpus because his "claims ha[d] not been previously adjudicate[d] on the merits" "which left them open to be re-filed."

Texas Code of Criminal Procedure article 11.072 establishes the procedure for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *see also Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso

2016, pet. ref'd). Article 11.072 also places restrictions on an applicant's ability to file multiple applications for writs of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9; *see also Ex parte Salazar*, 510 S.W.3d at 625; *Ex parte Weldezion*, No. 05-13-00177-CR, 2013 WL 2390003, at *2–3 (Tex. App.—Dallas May 29, 2013, no pet.) (mem. op., not designated for publication) ("The [Texas] [C]ode of [C]riminal [P]rocedure limits the scope of issues that may be raised in a subsequent application for writ of habeas corpus."). As we have previously explained, "[a]rticle 11.072 normally restricts habeas applicants to just one bite of the apple." *Ex parte Nelson*, 546 S.W.3d at 747 (internal quotations omitted).

As set out in Texas Code of Criminal Procedure article 11.072, section 9, after a trial court considers and rejects an applicant's first article 11.072 application for writ of habeas corpus, the trial court may not consider a subsequent article 11.072 application unless the new application for writ of habeas corpus contains "sufficient specific facts" "establishing that the current claims and issues ha[d] not been and could not have been presented" in the previously considered application "because the factual or legal bas[es] for the claim[s] w[ere] unavailable on the date the applicant filed the previous application." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a). Notably, it is the applicant's burden to prove that his claims in his subsequent application "ha[d] not been and could not have been presented" in his previously considered application "because the factual or legal bas[es] for the claim[s] w[ere]

10

unavailable on the date [he] filed the previous application." *Id.*; *see also Ex parte Nelson*, 546 S.W.3d at 748; *Ex parte Gomez*, No. 14-16-00499-CR, 2017 WL 3158908, at *3 (Tex. App.—Houston [14th Dist.] July 25, 2017, pet. ref'd) (mem. op., not designated for publication).

A legal basis is previously unavailable when, at the time of the previous application, it was "not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction in this [S]tate." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(b). A factual basis is considered previously unavailable if it "was not ascertainable through the exercise of reasonable diligence on or before" the date of the previous application. *Id.* art. 11.072, § 9(c). The trial court's rejection of an applicant's first application for writ of habeas corpus is the triggering event for article 11.072, section 9's subsequent application restrictions. *Ex parte Nelson*, 546 S.W.3d at 747; *Ex parte Salazar*, 510 S.W.3d at 625.

Here, appellant filed his first application for writ of habeas corpus on February 19, 2018, seeking habeas relief from the trial court's 2015 judgment of conviction placing appellant on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *Crotts*, 2017 WL 3027657, at *1 (explaining jury found appellant guilty of misdemeanor offense of assault of family member and trial court, pursuant to appellant's post-verdict agreement with State, assessed his punishment at

11

confinement for 365 days, suspended the sentence, and placed appellant on community supervision for twenty-four months). On November 28, 2018, the trial court denied appellant's first application for writ of habeas corpus. *See Ex parte Crotts*, 2019 WL 6314906, at \*1–9 (affirming trial court's order denying habeas relief sought in appellant's first application for writ of habeas corpus); *see also Ex parte Salazar*, 619 S.W.3d at 625 (article 11.072, section 9's bar to subsequent applications for writs of habeas corpus apply after trial court considers and rejects initial article 11.072 application). On February 9, 2021, appellant filed his second application for writ of habeas corpus, also seeking habeas relief from the trial court's 2015 judgment of conviction placing appellant on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *Crotts*, 2017 WL 3027657, at \*1 (explaining jury found appellant guilty of misdemeanor offense of assault of family member and trial court, pursuant to appellant's post-verdict agreement with State, assessed his punishment at confinement for 365 days, suspended the sentence, and placed appellant on community supervision for twenty-four months). Appellant acknowledged in his second application for writ of habeas corpus that it constituted a "subsequent application." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a). We agree that appellant's second application for writ of habeas corpus is a "subsequent application" under Texas Code of Criminal Procedure article 11.072, section 9. Thus, to be entitled to habeas relief related to his second application,

12

appellant was required to overcome article 11.072, section 9's subsequent application restrictions by establishing, with "sufficient specific facts," that his claims in his second application had not been and could not have been presented previously in his first application for writ of habeas corpus because the factual or legal bases for the claims were unavailable on the date he filed his previous application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a); *see also Ex parte Cisneros*, No. 04-18-00850-CR, 2019 WL 2194079, at \*1–2 (Tex. App.—San Antonio May 22, 2019, pet. ref'd) (mem. op., not designated for publication) (where applicant's 2010 and 2016 applications sought habeas relief from same order of community supervision, 2016 application considered subsequent application under article 11.072, section 9 and applicant required to overcome article 11.072, section 9's subsequent application restrictions); *Ex parte Nelson*, 546 S.W.3d at 747–48.

Appellant's second application for writ of habeas corpus does not contain any specific facts establishing that his claims of newly-discovered evidence, false testimony, improper jury argument, and ineffective assistance of counsel were not, and could not have been, presented in his first application for writ of habeas corpus because of an unavailable factual or legal basis. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a)–(c); *see, e.g.*, *Ex parte Cisneros*, 2019 WL 2194079, at \*1–2 (holding applicant not entitled to habeas relief related to subsequent application where his "2016 [habeas] application d[id] not contain any specific facts establishing

13

his ineffective assistance issue was not, and could not have been, presented in his prior [2010 habeas] application"); *Ex parte Galvan-Herrera*, No. 13-11-00380-CR, 2012 WL 1484097, at *5–7 (Tex. App.—Corpus Christi–Edinburg Apr. 26, 2012, pet. ref'd) (because applicant's "subsequent application included neither a factual nor legal basis that was unavailable at the time of his initial application," holding "trial court was without jurisdiction to consider [the] subsequent application"); *Ex parte Phillips*, No. 02-08-259-CR, 2008 WL 4531678, at *2–4 (Tex. App.—Fort Worth Oct. 9, 2008, no pet.) (mem. op., not designated for publication) (holding trial court did not err in denying applicant's subsequent habeas application where applicant "failed to demonstrate that the factual bases for the[] claims w[ere] not ascertainable to him through the exercise of reasonable diligence on or before he file[d] [his] initial application"). Instead, the majority of appellant's claims asserted in his second application were previously raised in his first application for writ of habeas corpus. *See Ex parte Crotts*, 2019 WL 6314906, at *1 & n.5 (noting appellant asserted, in his first application for writ of habeas corpus, that he was entitled to habeas relief because there was newly-discovered evidence, State's witnesses testified falsely at trial, and his trial counsel provided him with ineffective assistance); *see, e.g.*, *Ex parte Weldezion*, 2013 WL 2390003, at *3–4 (holding trial court did not err in denying second application for writ of habeas corpus where applicant's "complaint about his alleged mental incompetency was already

14

adjudicated in connection with his first [habeas] application"); *Ex parte Phillips*, 2008 WL 4531678, at \*2–4 (holding trial court did not err in denying applicant's subsequent habeas application to extent applicant reasserted claims addressed in previous application). To the extent that appellant raised any "new" claims in his second application for writ of habeas corpus, nowhere in his second application did appellant provide "sufficient specific facts" that his "new" claims "ha[d] not been and could not have been presented" in his first application "because the factual or legal bas[es] for the claim[s] w[ere] unavailable on the date [he] filed the previous application."[10] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a); *see also Salinas v. State*, No. 03-12-00117-CR, 2015 WL 1514604, at \*2–3 (Tex. App.—Austin Mar. 25, 2015, no pet.) (mem. op., not designated for publication) (holding trial court did not err in denying applicant's subsequent habeas application where applicant "made no attempt to explain why his argument about the missing reporter's record could not have been made in his previous writ application or why the facts supporting that claim would not have been ascertainable then"). Appellant merely stated that he

---

[10] Appellant also does not assert in his appellate briefing that he complied with Texas Code of Criminal Procedure article 11.072, section 9 and his second application for writ of habeas corpus contained sufficient specific facts "establishing that the current claims and issues ha[d] not been and could not have been presented" in his first application for writ of habeas corpus "because the factual or legal bas[es] for the claim[s] w[ere] unavailable on the date [he] filed [his first] application." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a); *see also* TEX. R. APP. P. 38.1(i). Appellant does not mention article 11.072 in his appellate briefing. *See* TEX. R. APP. P. 38.1(i).

15

filed his second application for writ of habeas corpus to "fulfill his obligation to fully exhaust the state-level remedies before re-filing his federal habeas petition."

Because appellant did not meet his burden to prove that his claims in his second application for writ of habeas corpus "ha[d] not been and could not have been presented" in his previously considered first application as "the factual or legal bas[es] for the claim[s] w[ere] unavailable on the date [he] filed the [first] application," appellant failed to comply with Texas Code of Criminal Procedure article 11.072, section 9, and we hold that the trial court did not err in denying appellant habeas relief.[11]  TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9(a); *see also Ex parte Nelson*, 546 S.W.3d at 748 (to be entitled to habeas relief under article 11.072 after first habeas application denied, applicant has burden of proving that claims in subsequent application had not been and could not have been presented in previous application); *Ex parte Gomez*, 2017 WL 3158908, at *3.

We overrule appellant's sole issue.

---

[11]  Because of our holding, we need not address any remaining arguments in appellant's briefing.  *See* TEX. R. APP. P. 47.1.

16

## Conclusion

We affirm the order of the trial court.


                                    Julie Countiss
                                    Justice

Panel consists of Justices Hightower, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).