# NO. 12-23-00118-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

*EX PARTE:*

*TELLAMISKUS BRYANT*

§     *APPEAL FROM THE 475TH*

§     *JUDICIAL DISTRICT COURT*

§     *SMITH COUNTY, TEXAS*

## *MEMORANDUM OPINION*

Tellamiskus Bryant appeals the denial of her application for a writ of habeas corpus following revocation of her bonds for four felony charges for child abandonment/endangerment with intent to return. In a single issue, Appellant contends the trial court denied her due process when it revoked her bonds without a hearing. We affirm.

## BACKGROUND

Appellant was arrested on January 23, 2023, and is currently charged with four cases of child abandonment/endangerment with intent to return. She has not been indicted. Appellant's bonds were initially set at $30,000 for each case. Appellant filed a motion to reduce the bonds, and after a hearing, the trial court reduced them to $15,000 for each case. Appellant posted surety bonds and was released on February 10 with conditions.

On April 21, the trial court signed a bond violation report indicating that Appellant tested positive for marijuana at three different probation office visits in violation of her bond conditions. On each report, the trial court checked the following boxes: "The Court, having considered the above Violation Report, hereby orders an Alias Capias Arrest Warrant be issued in this cause, as requested," and "New bond set at $30,000 SAME conditions." Appellant was arrested on capias warrants on April 25.

Appellant filed an application for writ of habeas corpus on April 26. In her application, Appellant alleged that the increased bond amounts were excessive, oppressive, and beyond her

financial means. She further requested the trial court conduct a hearing and reduce the bond to a "reasonable amount." The trial court conducted a hearing on May 5 and denied the application. This appeal followed.

<u>**BOND REVOCATION**</u>

In her sole issue, Appellant argues the trial court violated her right to due process by "revoking" her bond without notice or a hearing.

The issue before us though, is not whether the trial court erred when it initially increased her bond, but whether the trial court erred when it denied her application for writ of habeas corpus. But the existence of any error in the first instance does not resolve the issue of any error in the appeal before us today. *See **Ex parte Werne***, 118 S.W.3d 833, 836 (Tex. App.—Texarkana 2003, no pet.); *see also **Ex parte Ware***, No. 09-21-00227-CR, 2021 WL 5911681, at *2 (Tex. App.—Beaumont Dec. 15, 2021, pet. ref'd) (mem. op., not designated for publication).

In ***Werne***, while the court of appeals left the possibility open that error in a bond proceeding could be "so great as to fatally corrupt a later proceeding[,]" such is not the case here. ***Werne***, 118 S.W.3d at 837. Although the trial court in ***Werne*** was held to have erred in its first habeas proceeding, the error was rectified when the relator was afforded a later proceeding, even if that proceeding resulted in six weeks of "unnecessary" incarceration. *See **id**.* Our sister court of appeals concluded that the error did not contaminate the later proceeding, which followed proper procedures. ***Id***. at 837-38. Similarly, in ***Ware***, the appellant claimed he was denied due process when his bond was revoked without a hearing. The court of appeals determined that despite any allegation of trial court error in the initial revocation of his pretrial bond and the trial court's decision to deny him further bond, Ware was ultimately afforded due process in the form of the hearing on his application for writ of habeas corpus. *See **Ware***, 2021 WL 5911681, at *2; *see also **Ex parte Nelson***, 546 S.W.3d 742, 749 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (noting that a defendant cannot use a subsequent habeas proceeding to challenge issues in a prior habeas proceeding).

In this case, Appellant filed an application for writ of habeas corpus following the increase in her bond amount. The trial court conducted a hearing on the application at which Appellant argued the trial court impermissibly increased her bond amount and asked to be

released from custody.[1]  On appeal, Appellant does not argue the bond amounts are excessive. She only attacks the failure to conduct a hearing before issuing an arrest capias and the corresponding alleged due process violations.  Appellant's issue is, therefore, moot as she was afforded due process when the trial court held an evidentiary hearing regarding her application for writ of habeas corpus.  *See Ware*, 2021 WL 5911681, at *2.  We overrule Appellant's sole issue.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order.

GREG NEELEY
Justice

Opinion delivered September 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Appellant argued in the trial court, and mentions briefly on appeal, that her case is analogous to ***In re Ramos***, No. 13-22-00497-CR, 2023 WL 185106 (Tex. App.—Corpus Christi Jan. 13, 2023, no pet.) (mem. op., not designated for publication).  However, that case dealt with a bond revocation under Article 17.40 of the Texas Code of Criminal Procedure and concerned bond conditions to protect the safety of the victim.  Article 17.40 is not applicable in this case.

3

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 6, 2023**

**NO. 12-23-00118-CR**

**EX PARTE: TELLAMISKUS BRYANT**

Appeal from the 475th District Court
of Smith County, Texas (Tr.Ct.No. 23-0985-H)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*